**Fruent C. KIMES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 74–1982.

United States Court of Appeals, Fourth Circuit.

Submitted Jan. 16, 1975.

Decided May 21, 1975.

Fruent C. Kimes, pro se.

**378**

Before HAYNSWORTH, Chief Judge, and WINTER and WIDENER, Circuit Judges.

PER CURIAM:

Kimes asserts a double jeopardy claim which was previously asserted in this court and considered by it. During his first trial with other co-defendants on charges of conspiracy, bank burglary, and interstate transportation of stolen goods, a mistrial was declared by the district judge at the request of some, but over the objection of other, of the defendants. On direct appeal the double jeopardy claim was presented to a panel which first upheld it. United States v. Walden, 4th Cir., 448 F.2d 925. Upon reconsideration *en banc*, the judgment of conviction was affirmed by an equally divided court. United States v. Walden, 4th Cir., 458 F.2d 36.

Kimes has had his day in this court, and he is not entitled to another. This would clearly be the case if his conviction had been affirmed by a panel, even by one divided. The same result should follow though the affirmance of the conviction was by an equally divided *en banc* court.

In a somewhat different context, the Supreme Court has held that its affirmance by an equally divided court of a state conviction does not preclude subsequent habeas corpus proceedings in the lower federal courts. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). This result was reached by reference to the now settled practice of post-conviction review of state court convictions through the lower federal courts. There are a few statutory limitations upon that otherwise absolute right of federal review of state court convictions. One of them, contained in 28 U.S.C. 2244(c), forecloses review in the lower federal courts if the Supreme Court has previously considered the merits of the case and has "actually adjudicated" the claim. The Supreme Court held in Neil v. Biggers that its affirmance, on equal division, of the state court conviction was not such an actual adjudication within the meaning of the statute so as to foreclose later assertion of the same legal contention in a United States District Court with the right, when appropriate, to further evidentiary hearings and fact finding. Neil v. Biggers, however, does not compel a similar result here. Kimes simply seeks reconsideration in this court of its prior judgment. It is a repetitive claim foreclosed by Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

When there has been no change in the governing law, there is no need for reconsideration of the double jeopardy claim.

Affirmed.